IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN PRILLMAN,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0605 |
| | : | |
| ALLIED UNIVERSAL SECURITY,<br>    Defendant. | :<br>: | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                               **MARCH 1, 2024**

*Pro se* Plaintiff Jean Prillman sues her former employer, Allied Universal Security, after she was terminated for an allegedly unfounded report of misconduct. Prillman seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Prillman leave to proceed *in forma pauperis*, and dismiss her Complaint. Prillman will be given an opportunity to file an amended complaint.

I.    FACTUAL ALLEGATIONS[1]

Prillman alleges that on April 5, 2023, she was terminated from her employment as a security guard after being falsely accused of "gambling on the work floor." (Compl. at 3.) At the time, Prillman was working security at a liquor store. (*Id*.) The manager of the liquor store contacted Prillman's manager at Allied to report that Prillman had purchased scratch off lottery tickets and was playing the scratch off tickets while on the job. (*Id*.) Allied prohibits gambling on company time and on any Allied customers' premises and may discipline employees who violate this rule with suspension or termination. (*Id*. at 9, 17.) Prillman states that she was not

---

[1] The factual allegations are from Prillman's Complaint, including the exhibits attached thereto. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

gambling while working her shift at the liquor store. (*Id.* at 3.) She alleges that she purchased scratch off tickets at a lottery machine in the liquor store but simply placed the tickets in her bag and "never scratch[ed] them." (*Id.* at 3, 17.)[2]

Prillman alleges that after being terminated by Allied, she "had to retire early." (*Id.* at 4.) For damages, she requests "the money she would have made if [she] was not fired," including salary, bonus, life insurance, and early retirement, in the total amount of $177,440.00. (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Prillman leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

---

[2] Prillman attaches to her Complaint a decision by the Pennsylvania Unemployment Compensation Board of Review. (*See* Compl. at 15-19.) In that decision, the UC Board of Review Referee concluded that, at a June 9, 2023 hearing, Prillman testified credibly that she was not gambling. (*Id.* at 18.) The Referee further concluded that because Prillman did not "knowingly or intentionally violate the employer's Work Rules and Standards of Conduct," she was eligible for unemployment compensation benefits as of the date she applied for them, April 8, 2023. (*Id.* at 15, 18-19.)

2

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Additionally, the Court must review any claims over which subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").  As Prillman is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

While Prillman asserts federal jurisdiction for her claims against Allied,[3] the Court is unable to discern any plausible basis for federal jurisdiction from the facts alleged.  To the extent Prillman intends to assert a federal employment discrimination claim, she has failed to allege sufficient facts to support that claim.

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability.  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112).  In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792,

---

[3] On the standard form complaint Prillman used to assert her claims, she checked the "federal questions" box as the basis for federal court jurisdiction.  (*See* Compl. at 2.)

802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). In particular, a plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that her membership in a protected class was "either a motivating or determinative factor" in her employer's adverse employment action against her. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (explaining that to survive a motion to dismiss a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead facts that plausibly connect his national origin to his discharge"). Nothing in the Complaint suggests that Prillman was subjected to discrimination based on her membership in a protected class.[4] Nor is there any other apparent basis for federal court jurisdiction based on the allegations in the Complaint.

To the extent Prillman intends to assert any state law claims based on her termination, she has not adequately alleged the Court's jurisdiction over such claims. The only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court

---

[4] In her Complaint, Prillman includes an "EEOC reference" number, which the Court understands as a reference to the Equal Opportunity Employment Commission ("EEOC"). (*See* Compl. at 4.) Plaintiffs pursuing employment discrimination claims in federal court must first exhaust administrative remedies with the EEOC before filing a lawsuit. *See generally Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013); *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir. 1999); 42 U.S.C. § 2000e-5 (setting forth Title VII procedures for exhausting remedies with EEOC); 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA). This requires a plaintiff to first file a charge with the EEOC alleging that her employer has engaged in an unlawful employment practice. *Itiowe v. NBC Universal Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014) (citing *Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 359 (1977)). After investigating, the EEOC will issue a "right-to-sue" letter if it determines that reasonable cause does not exist to pursue the matter. *See id*. The plaintiff may present this right-to-sue letter to the federal court to demonstrate administrative exhaustion. *Id*.; *see also Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Despite including an EEOC reference number, Prillman makes no mention of any administrative claims made to the EEOC.

jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state where it has its principal place of business as well as the state of its incorporation. 28 U.S.C. § 1332(c)(1). Since the Complaint is silent on the citizenship of the parties, Prillman has not met her burden for establishing a basis for diversity jurisdiction over any state law claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Prillman leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction. The Court will permit Prillman an opportunity to file an amended complaint in the event she can address the defects the Court has noted.

An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge