IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN PRILLMAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0605 |
| | : | |
| GEORGE PARSONS, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                         **SEPTEMBER 20, 2024**

*Pro se* Plaintiff Jean Prillman brought this civil action after she was terminated by her former employer, Allied Universal Security ("Allied"). Prillman alleges that her termination was based on false accusations, including one that she was gambling while working as a security guard at a state-run liquor store. Before the Court is the Motion to Dismiss filed by the Defendants named in Prillman's Amended Complaint. For the reasons below, the Motion will be granted, and Prillman's Amended Complaint will be dismissed.

**I.    BACKGROUND**

    **A.    Factual Allegations**[1]

Prillman names the following six Defendants in her Amended Complaint: George Parsons, Victor Koszi, Anel Vargas, Heather Lanza, Jeremy Schick, and Robert Worrall. (Am. Compl. at 1-3.)[2] Parsons worked for Fine Wine and Good Spirits ("Fine Wine") in Whitehall,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] The Amended Complaint consists of the Court's standard form complaint, two pages of handwritten allegations, and various exhibits. Prillman's initial Complaint, which named Allied as the only Defendant, was dismissed by the Court upon screening. *See Prillman v. Allied Universal Sec.*, No. 24-0605, 2024 WL 897582, at *1 (E.D. Pa. Mar. 1, 2024). Prillman returned with this Amended Complaint, which was served on all Defendants.

Pennsylvania, while Koszi, Vargas, Lanza, Schick, and Worrall worked for Allied. (*Id.*) Prillman alleges that on April 4, 2023, she was working security at the Fine Wine liquor store in Whitehall, Pennsylvania. (*Id.* at 4, 8.) On that day, she "purchased scratch off tickets [but she] never scratched them off." (*Id.* at 4.) Prillman states that she was nevertheless "fired" for allegedly "gambling on the work floor." (*Id.*) Defendant Parsons sent an email to Prillman's manager at Allied stating that Prillman was not a security guard, took "excessive breaks," did not walk around the store, and paid more attention to her "lottery scratch tickets" than the people around her. (*Id.* at 8.) Prillman contends that all of these statements were untrue. (*Id.*) She states that video footage from the store shows her purchasing the lottery tickets and placing them in her fanny pack. (*Id.* at 9.)

Prillman contends that she was terminated because Parsons "did not tell the truth." (*Id.*) She states that Parsons should be "held accountable for making false statements" and for "violating [her] civil rights" but that she is "not trying to sue for discrimination." (*Id.*) Prillman also alleges that Koszi terminated her "because he believed" Parson's email and that Lanza told Koszi to terminate her for "gambling on the job." (*Id.* at 14, 18.) After she was terminated, Prillman had to borrow money to keep her apartment. (*Id.* at 9.) She was also initially denied unemployment compensation and "had to request an appeal to prove [her] case" before obtaining benefits. (*Id.*)[3] For relief, Prillman seeks money damages. (*Id.* at 5.)

B.   **Procedural History**

The Court previously granted Prillman leave to proceed *in forma pauperis*. (ECF No. 5.)

---

[3] The Court understands Prillman to be referencing the hearing held on her appeal of unemployment compensation benefits. Attached to the Amended Complaint are documents related to her efforts to obtain unemployment compensation after being terminated from Allied. (*See* Am. Compl. at 23, 25-27.)

As noted above, Prillman's original Complaint was dismissed by the Court upon screening for failure to state a claim. *See Prillman*, 2024 WL 897582, at *1. The Court concluded that Prillman did not state a plausible employment discrimination claim because she alleged no facts suggesting that she was subjected to discrimination based on her membership in a protected class. *Id*. at 2. The Court also concluded that the allegations did not give rise to any other plausible basis for federal court jurisdiction and that the Court lacked jurisdiction over any state law claim Prillman may have intended to assert. *Id*. at 2, 4. With the Court's permission, Prillman filed an Amended Complaint. She states in her Amended Complaint that she does not assert employment discrimination claims but instead asserts "civil rights" violations.

After being served with the Amended Complaint, Defendants filed a Motion to Dismiss. (ECF No. 12.) Defendants argue that Prillman fails to specify a cause of action in her Amended Complaint, and that she nevertheless is unable to assert a plausible claim for relief under federal law. Defendants contend that the crux of Prillman's Amended Complaint – that she was terminated based upon Parson's false representations to Allied – is simply not recognized as a federal claim, particularly in light of the fact that Prillman explicitly disclaims discrimination as a cause of action. (*Id*. at 7.) Defendants further argue that even if Prillman had intended to assert a discrimination claim, she has failed to state a plausible one, and that Prillman also fails allege a plausible state law claim for wrongful termination. (*Id*. at 7-8.)

In response to Defendants' Motion to Dismiss, Prillman filed a "Motion to Proceed" (ECF No. 17), which the Court construes as her Response to Defendants' Motion to Dismiss. Prillman states in her Response that she "would like to proceed with [her] case" against Defendants. (*Id*.) She reiterates her claim that she was "wrongfully terminated," that she was not gambling on the work floor, and that she wants to "prove [her] innocence." (*Id*. at 2.)

3

II.    STANDARD OF REVIEW

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. "A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). It is the defendants' burden to show that a complaint fails to state a claim. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented").

In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). To determine whether a complaint filed by a *pro* se litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff,

and "ask only whether that complaint, liberally construed contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* filings are construed liberally). The Court may, on its own, dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").

Additionally, since Prillman is proceeding *in forma pauperis*, the Court may independently screen her Amended Complaint and dismiss it "at any time" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) if, among other things, it fails to state a claim. *Brown v. Sage*, 941 F.3d 655, 662 (3d Cir. 2019) (*en banc*) ("To repeat, the statute requires a court to dismiss an IFP complaint 'at any time' if it determines that the complaint is frivolous, malicious, or fails to state a claim."). The standard under this screening provision is the same standard that governs a dismissal under Rule 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under this screening provision, the Court may address pleading deficiencies including those that were not addressed by the parties.

### III. DISCUSSION

#### A. Federal Claims

Prillman again asserts federal jurisdiction as the basis for her claims against Allied.[4] However, she left blank the question asking "what federal Constitutional, statutory or treaty right

---

[4] On the standard form complaint Prillman used to assert her claims, she checked the "federal questions" box as the basis for federal court jurisdiction. (*See* Am. Compl. at 2.)

is at issue" as the basis for alleged federal jurisdiction. (Am. Compl. at 2.) Elsewhere in the Amended Complaint, Prillman explicitly states that she does not assert employment discrimination claims but instead bases her claims on violations of her civil rights. (*Id*. at 9.)[5] Liberally construing the Amended Complaint, the Court understands Prillman to assert a Fourteenth Amendment due process pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Prillman's Fourteenth Amendment due process claim appears to be based on allegations that false statements caused her to be terminated and thus deprived her of a liberty interest in her reputation.[6] This brand of due process claim is referred to as a "stigma plus" claim. *See Kane v. Chester Cnty.*, 811 Fed. App'x 65, 69 (3d Cir. 2020). An individual's "reputation alone is not an interest protected by the Due Process Clause." *Hill v. Borough of Kutztown*, 455 F.3d 225, 236

---

[5] Even if Prillman had intended to assert employment discrimination claims, the claims would nevertheless be dismissed as not plausible for the same reason the Court dismissed the claims from her initial Complaint. To state an employment discrimination claim, a plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that her membership in a protected class was "either a motivating or determinative factor" in her employer's adverse employment action against her. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Nothing in the Amended Complaint suggests that Prillman was subjected to discrimination based on her membership in a protected class.

[6] Although neither Prillman nor Defendants discuss or even cite to the Fourteenth Amendment, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999). The Court assumes for purposes of this Memorandum that Defendants are state actors. Fine Wine, a "Pennsylvania Liquor Store" is run by the Pennsylvania Liquor Control Board. *See* 41 Pa. Stat. Ann. § 3-301. In addition, liability for Fourteenth Amendment "stigma plus" claims extends to independent contractors, such as Allied. *DeLuca v. City of Hazleton*, 396 F. Supp. 3d 392, 403 (M.D. Pa. 2019) (citing *Jones v. McNeese*, 746 F.3d 887, 898 (8th Cir. 2014)).

(3d Cir. 2006) (emphasis in original) (quoting *Versarge v. Township of Clinton, New Jersey*, 984 F.2d 1359, 1371 (3d Cir. 1993)).  However, an individual can allege a due process claim for deprivation of a liberty interest in reputation by showing "a stigma to [her] reputation plus deprivation of some additional right or interest." *Id*.  "In the public employment context, the 'stigma-plus' test has been applied to mean that when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with [her] termination,' it deprives the employee of a protected liberty interest." *Id*. (quoting *Codd v. Velger*, 429 U.S. 624, 628 (1977)); *see also Kane*, 811 Fed. App'x at 69.  In other words, "[t]he creation and dissemination of a false and defamatory impression is the 'stigma,' and the termination is the 'plus.'" *Hill*, 455 F.3d at 236.

 While Prillman sufficiently alleges in her Amended Complaint that she was terminated and that the termination was based on false statements, her stigma plus claim nevertheless fails.  Prillman's allegations do not support a plausible inference that the purported stigmatizing statements were "made publicly." *Kane*, 811 Fed. App'x at 69.  Prillman alleges that the Fine Wine Manager, Parsons, sent an email to her manager at Allied, stating falsely that Prillman was scratching off lottery tickets on the work floor, that she was not a security guard, and that she took too many breaks.  Prillman attaches to her Amended Complaint at least two other emails between Allied representatives concerning her termination.  However neither an email from Fine Wine to its staffing contractor, Allied, nor emails sent internally among Allied representatives rise to the level of public dissemination necessary to state a plausible stigma plus claim.  *See Brink v. Bormann*, Civ. A. No. 3:23-cv-00497, 2023 WL 6213167, at *11-12 (D.N.J. Sept. 25, 2023) (dismissing stigma plus claim because the false and stigmatizing statements were contained in an email concerning the plaintiff's termination that was sent to the Board of

Education only and not "disseminated to any members of the public" (citing *Chabal v. Reagan*, 841 F.2d 1216, 1223-24 (3d Cir. 1988)); *Twardosz v. Yonkers Pub. Sch. Dist.*, No. 19-CV-6138, 2020 WL 6135114, at *4 (S.D.N.Y. Oct. 16, 2020) (dismissing stigma plus claim because internal email from independent contractor to plaintiff's employer about plaintiff's performance as a bus driver was not publicly disseminated). Accordingly, to the extent Prillman intended to assert a Fourteenth Amendment due process claim, the claim will be dismissed. Nor can the Court discern any other plausible basis for federal jurisdiction over Prillman's Amended Complaint.

      **B.**      **State Law Claims**

Any state law claim that Prillman asserts in the Amended Complaint, including a wrongful termination claim, will also be dismissed as there is no basis for jurisdiction over state law claims. In the absence of any federal claims, the only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Although the Amended Complaint is silent on the citizenship of the parties, Prillman includes Pennsylvania addresses for herself and for all of the

8

Defendants. Thus, it appears that diversity jurisdiction is lacking over this action. Accordingly, to the extent Prillman asserted state law claims, they will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss and dismiss Prillman's Amended Complaint. The federal claims will be dismissed with prejudice and the state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. The Court concludes that further attempts to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**